IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIECHA LACEY, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| SIERRA AUTO FINANCE LLC, and JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Kiecha Lacey brings this action to secure redress for the actions of defendant Sierra Auto Finance LLC ("SAF"), in placing automated calls and sending automated text messages to her cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2. In order to protect the privacy of cellular subscribers, and to avoid forcing recipients of spam to pay for it, the TCPA prohibits automated text messages to cellular phones.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

4. Personal jurisdiction exists under 735 ILCS 5/2-209, in that:

   a. Defendant has committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Defendant has transacted business in Illinois.

5. Venue in this District is proper for the same reason.

## PARTIES

6. Plaintiff Kiecha Lacey is an individual who resides in the Northern District of Illinois.

7. Defendant SAF is a limited liability company chartered under Delaware law with principal offices at 5005 LBJ Freeway, Ste. 700, Dallas, TX 75244. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. It is a sales finance agency, engaged in the business of purchasing motor vehicle retail installment sales contracts entered into by consumers with car dealers.

8. Defendants John Does 1-10 are other natural or artificial persons that were involved in the making of the calls described below. Plaintiff does not know who they are.

## FACTS

9. Beginning in 2016, SAF has been bombarding plaintiff with automated telephone calls and text messages seeking to collect a debt.

10. When calls are made, a person will come on the line after an interval if plaintiff picks up the call. This is typical of automated dialing.

11. Examples of the text messages, which are identical and sent on a mass basis, are attached as Exhibit A.

12. Plaintiff asked SAF to stop harassing her. On July 17, 2018, plaintiff sent SAF a letter directing that it cease the incessant calling. (Exhibit B)

13. The calls continued after SAF received the letter, including on July 27, 2018, at 12.56 pm, and on July 28, 2018, at 9.02 am.

14. Discovery may reveal additional calls and text messages as well.

15. On information and belief, the calls and text messages were made using an automated dialer.

16. On information and belief, defendants have placed automated calls and text messages to cellular telephones of at least 40 other persons in Illinois.

17. There is no reasonable means for plaintiff or other recipients of defendants' text message calls to avoid receiving them.

18. The TCPA, 47 U.S.C. § 227, prohibits unsolicited text message calls to cell phones:

> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> > **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**
> >
> > **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–   \* \* \***
> >
> > > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .**

### COUNT I – TCPA

19. Plaintiff incorporates ¶¶ 1-18.

20. The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21. Plaintiff and each class member suffered damages as a result of receipt of the

unsolicited text message calls, in that:

    a.    They were required to pay for such receipt, either on a per message basis or because the receipt counted against the number of minutes or messages they pay for.

    b.    The calls consumed battery and phone life.

    c.    Plaintiff's statutory right of privacy was invaded.

22. Plaintiff and each class member is entitled to statutory damages.

23. Defendants violated the TCPA even if their actions were only negligent.

24. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

26. The class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent automated calls or text messages by defendant (d) after requesting cessation of calls, according to defendant's records.

27. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.    Whether defendants engaged in a pattern of sending automated text messages and automated calls.

    b.    Whether defendants thereby violated the TCPA;

    c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

29. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has

retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

31. Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012).

32. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      i.    Actual damages;

      ii.    Statutory damages;

      iii.    An injunction against further automated calls and text messages to cellular telephones over the consumer's objection;

      iv.    Costs of suit;

      v.    Such other or further relief as the Court deems just and proper.

## COUNT II – ICFA

33. Plaintiff incorporates ¶¶ 1-18.

34. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making automated calls text messages to cellular telephones of plaintiff and others.

35. Such calls are contrary to the TCPA and also Illinois public policy.

36. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients.

37. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited communications.

38. Defendants engaged in such conduct in the course of trade and commerce.

39. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

40. Plaintiff brings this claim on behalf of a class.

41. The class consists of (a) all persons (b) who, on or after a date 3 years prior to the filing of this action, (c) were sent automated calls or text messages by defendant (d) after requesting cessation of calls, according to defendant's records.

42. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of sending automated text messages and automated calls.

   b. Whether defendants thereby violated the TCPA;

   c. Whether defendants thereby engaged in unfair acts and practices, in

violation of the ICFA.

44. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

46. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    i.    Appropriate compensatory and punitive damages;

    ii.    An injunction against further automated text messages and calls to cellular telephones;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

          /s/ Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**EXHIBIT A**

Text

+14695139723

call us at 855-603-2074
or pay online today
www.SierraAutoFinance.com.
Reply: PYMTMADE or STOP.
Data rates may apply    2:17 PM

Friday, July 27, 2018

Kiecha, Sierra Auto
Finance is trying to
reach you today. Please
call us at 855-603-2074
or pay online today
www.SierraAutoFinance.com.
Reply: PYMTMADE or STOP.
Data rates may apply    1:40 PM

Saturday, July 28, 2018

Kiecha, Sierra Auto
Finance is trying to
reach you today. Please
call us at 855-603-2074
or pay online today
www.SierraAutoFinance.com.
Reply: PYMTMADE or STOP.
Data rates may apply    12:05 PM

Enter message

**EXHIBIT B**

  REDACTED

REDACTED

REDACTED

7/17/2018

Sierra Auto Finance

5005 Lyndon B Johnson Fwy #700

Dallas Texas 75244

To Whom It May Concern:

I am writing to demand that you cease telephone communications with me according to section {15 USC 1692c} §805(c) of the Fair Debt Collection Practices Act (FDCPA).

Stop the harassing calls to me at home, at work, on my cell phone, or at any other location including text messages.

In accordance with the FDCPA, now that you have received this "stop calling" letter, you may only contact me to inform me that you:

- Are terminating further collection effort
* By mail only any current or past due amounts and date etc.
- Might invoke a specified remedy
- Intend to invoke a specified remedy

Since you obviously already have my contact information, calls also made by you or your company to any third party concerning me is in violation of section [15 USC 1692c] §805(b) of the FDCPA.

Be advised that I am keeping accurate records of all correspondence from you and your company, including phone calls. If you continue calling me I will file complaints with the Federal Trade Commission and your state Attorney General and sue you for FDCPA violations.

Sincerely;

Kiecha Lacey

**U.S. Postal Service CERTIFIED MAIL® RECEIPT**

Certified Mail Fee: $3.45
Postage: $0.50
Total Postage and Fees: $6.70
Date: 07/23/2018

Tracking #: 7017 2620 0000 1450 0782

---

ROBBINS
3447 W 137th ST
ROBBINS
IL
60472-9800
1667140472
07/23/2018  (800)275-8777  11:12 AM

| Product Description | Sale Qty | Final Price |
|---|---|---|
| First-Class Mail Letter (Domestic) (DALLAS, TX 75244) (Weight: 0 Lb 0.40 Oz) (Estimated Delivery Date) (Thursday 07/26/2018) | 1 | $0.50 |
| Certified (@@USPS Certified Mail #) (70171450000231020782) | 1 | $3.45 |
| Return Receipt (@@USPS Return Receipt #) (9590940229787094072245) | 1 | $2.75 |

Total  $6.70

Credit Card Remitd  $6.70
 (Card Name: VISA)
 (Account #: XXXXXXXXXXXX7781)
 (Approval #: 010821)
 (Transaction #: 857)
 (Entry Mode: Chip)
 (AID: A0000000980840)
 (Application Label: US DEBIT)
 (PIN: PIN Not Required)
 (Cryptogram: A2367A5A26C99E1D)
 (ARC: 00)
 (CVR: 1F0002)
 (IAD: 06010A03600000)
 (TSI: 6800)
 (TVR: 8000088000)

Text your tracking number to 28777 (2USPS) to get the latest status. Standard Message and Data rates may apply. You may also visit www.usps.com USPS Tracking or call 1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
www.informeddelivery.com

All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business

HELP US SERVE YOU BETTER

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

Go to:
https://postalexperience.com/Pos

840-5604-0056-002-00006-14325-02

or scan this code with